UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/13/2025
```

EPHRAIM-NATION,

       Plaintiff,

 -v-

STATE-OF-FLORIDA, JIMMY PETRONIS, CORD BYRD, STATE-BOARD-OF-ADMINISTRATION-OF-FLORIDA, FAIRWINDS CREDIT UNION, LARALYNNE M NABOZNY, COUNTY OF VOLUSIA, MICHAEL J CHITWOOD, ROY GALARZA, MICHELLE L LEE, and USA REVOCABLE TRUST,

       Defendants.

No. 24-cv-8386 (MKV)

ORDER DISMISSING COMPLAINT
WITHOUT PREJUDICE
AND WITH LEAVE TO AMEND

MARY KAY VYSKOCIL, District Judge:

  Plaintiff, proceeding *pro se*, initiated this case by filing a document purporting to be a civil complaint [ECF No. 1]. While the document contains some legal terms and demands for sums of money, it is substantively incomprehensible. The Court is cognizant of its obligation to construe *pro se* pleadings liberally and interpret them to raise the strongest claims they suggest. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). However, even a *pro se* plaintiff must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a).

  The Court is unable to piece together coherent allegations from the pleading in this case. The 30-page document is replete with references to piracy, slavery, and financial instruments, but there are no coherent factual allegations that provide defendants with notice of the substance of the claims against them. For example:

1

```
: CLAIM: GRAVE-BREACH:
~8 FOR THE LIABLE: FAIRWINDS-CREDIT-UNION IS WITH THE GRAVE-BREACH: LAWS OF THE WAR BY THE
BAITING WITH THE CO-CONSPIRACY FOR THE DURESS ON A NATIONAL OF THE NEUTRAL-POWER-STATE AS
THE SLAVE IN THE SLAVERY-CON-TRACT BY THE VOLITION: DI-RECT-FUNDING OF THE BELLIGERENT-
STATE: LIABLE-~4: COUNTY-OF-VOLUSIA: ROGUE-VESSEL=PIRATE: ROY-GALARZA'S-PRIVATE-WAR-
COMBAT.
```

[ECF No. 1 at 13]. This may or may not be a "a case where a plaintiff paid the filing fee only to file a complaint filled with 'fantastic or delusional claims.'" *Moroshkin v. Dietsche*, 2022 WL 16570779, at *1 (2d Cir. Nov. 1, 2022) (quoting *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D.N.Y. 1993)). In all events, however, Plaintiff must include in his pleading some plausible factual allegations, rather than merely conclusory accusations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000); *see also Moore v. Discover Bank*, No. 24-cv-3194 (LTS), 2024 WL 2784878, at *2 (S.D.N.Y. May 28, 2024) (explaining that so-called sovereign citizen complaints, which this appears to be, "have been consistently rejected by federal courts as frivolous").

Plaintiff also has apparently failed to comply with Rule 10 of the Federal rules of Civil Procedure, which requires a complaint to "name all the parties." Fed. R. Civ. P. 10(a). Plaintiff identifies himself as "Ephraim-Nation: Neutral-Power-State" [ECF No. 1 at 3]. Plaintiff has not requested leave to proceed under a pseudonym, which request this Court commonly. *See Doe v. Combs*, 2024 WL 4635309, at *1 (S.D.N.Y. Oct. 30, 2024); *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). "The people have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted).

Accordingly, the complaint this case is DISMISSED without prejudice and with leave to amend. All other pending motions are DENIED as moot.

Plaintiff must file an amended complaint, which must be filed in his own name and must contain a short and plain statement of his claims, by **July 15, 2025**. If Plaintiff fails to file such an amended complaint by July 15, 2025, the case will be dismissed with prejudice.

**The parties are on notice that failure to comply with court orders and all applicable rules may result in sanctions, including: monetary sanctions on counsel and the parties; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal/default judgment.**

The Clerk of Court respectfully is requested to terminate all pending motions.

**SO ORDERED.**

Date:  June 13, 2025
       New York, NY

MARY KAY VYSKOCIL
United States District Judge